Arthur E. Blyn, J.
This is a case where the plaintiff served a summons and complaint upon IT. S. Industries, Inc., in connection with a lawsuit against the defendant Pleasant Valley Country Club (hereinafter referred to as Pleasant Valley), described in the caption of the papers as “a wholly-owned division of IT. S. Industries Inc.” (hereinafter referred to as IT. S. I.). Pleasant Valley is a Massachusetts corporation with offices and operations solely within that State. U. S. I. is a Delaware corporation which has offices, and does business, in New York State.
The facts brought out at a hearing held in connection with a traverse brought on by the defendant Pleasant Valley are as follows:
IT. S. I. owns all of the outstanding and issued shares of Pleasant Valley. Pleasant Valley has its own officers and board *478 •of governors; its own bank account in a Massachusetts bank; its own books, records and minutes, kept in its own offices; pays its own employees; pays various other business expenses; and its officials do not regularly participate in and conduct meetings in New York.
The testimony also brought out the facts that TJ. S. I. filed a consolidated income tax return which includes the income and expenses of Pleasant Valley (as well as many other subsidiary corporations); TJ. S. I. pays the Massachusetts corporate tax of Pleasant Valley; and that periodically there are transfers of moneys from Pleasant Valley to TJ. S. I. by way of a third corporation (also a wholly-owned subsidiary of TJ. S. I.).
. As a further fact, it should be noted that in the agreement of exchange dated June 28, 1971 (by which TJ. S. I. aóquired all of. the outstanding and issued shares of Pleasant Valley) paragraph “16” entitled, “Applicable Law”, provides that “ this agreement shall be controlled, construed and enforced in accordance with the laws of the State of New York ”.
■ There was also testimony as to certain contacts and negotiations which took place in New York State between officers of Pleasant Valley and the plaintiff. This had to do with another aspect of the effort by the plaintiff to secure jurisdiction over Pleasant Valley by way of1 the long-arm statute. This facet of the case only has to be dealt with if the court finds that the service upon TJ. S. I., as the parent corporation of Pleasant Valley, was not sufficient in and of itself to acquire jurisdiction.
If service upon IT. S. I. is to be held as adequate by virtue of its relationship with Pleasant Valley the court must “ pierce the corporate veil ”.
The act of piercing the corporate veil does not require the same standards for each objective or goal attempted to be reached by such act.
For example, for purposes of holding TJ. S. I. liable in damages for the acts of Pleasant Valley and thus exposing •the assets of TJ. S. I. to a lawsuit against Pleasant Valley, it would obviously require a very strict set of standards before the corporate veil between these two corporations could be pierced. Berkey v. Third Ave. Ry. Co. (244 N. Y. 84) and Pagel Horton & Co. v. Harmon Paper Co. (236 App. Div. 47) are two leading cases which set forth the strict standards required for such an objective.
The act of piercing the corporate veil to determine whether TJ. S. I. may be served process solely for the purpose of aeqpir *479 ing jurisdiction, over Pleasant Valley does not, in the opinion of this court, require such strict standards.
The cases relied upon by the defendant nil deal with efforts to pierce the corporate veil for the purpose of subjecting another corporation to liability for damages.
For the goal sought by the plaintiff herein, the extent of domination and control by IT. S. I. over Pleasant Valley (particularly the siphoning off of moneys) is'enough in this court’s opinion tp deem service upon TI. S. I. as sufficient to acquire jurisdiction over Pleasant Valley. To make very clear the limitation of this decision the court establishes as the law of this case that despite plaintiff’s use of the descriptive language in the caption after the name of the defendant Pleasant Valley, U. S. I. is not the defendant in this case and is not liable to the plaintiff for damages, if any, in this cause of aefion.